UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| SANDRA LYNN COYLE, | ) | NO.  CV-12-0601-LRS |
| Plaintiff, | ) ) | |
| | ) | **ORDER DENYING MOTION FOR** |
| -vs- | ) | **RECUSAL AND GRANTING** |
| | ) | **DISMISSAL OF CLAIMS AGAINST** |
| REBECCA M. BAKER (RETIRED JUDGE) | ) | **DEFENDANTS BAKER AND** |
| STEVENS COUNTY SUPERIOR COURT, | ) | **NIELSON** |
| ALLEN C. NIELSON, and CHRIS A. | ) | |
| MONTGOMERY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

BEFORE THE COURT, at the scheduled oral argument on February 5, 2013, in Spokane, Washington, are the following motions:  Defendants' Rebecca M. Baker, County of Stevens, and Allen C. Nielson ("Defendants") Motion For Dismissal For Failure To State A Claim FRCP 12(b)(6), ECF No. 16; Plaintiff Coyle's Motion And Memorandum To Take Judicial Notice Of Facts, ECF No. 23; Plaintiff Coyle's Motion To Strike Defendants' Motion To Dismiss, ECF No. 26; Plaintiff Coyle's Motion For Recusal, ECF No. 32; Plaintiff Coyle's Motion to Strike Defendants' Reply Memorandum, ECF No. 37; and Plaintiff's oral motion for leave to amend her second amended Complaint.

/ / /

ORDER - 1

1.   **Plaintiff's Motion For Recusal (ECF No. 32)**

Plaintiff asks the undersigned judge to recuse himself under 28 U.S.C. § 144.  Among other things, Plaintiff asserts that the undersigned judicial officer has bias or prejudice stemming from an extrajudicial source.  Plaintiff appears to be arguing that the court's recognition of Defendant Nielson's right (of counsel) to be heard in support of the motion to dismiss somehow allows her to conclude the court is biased and without authority to act.  Plaintiff concludes that, to date, she has not been able to ascertain that the undersigned judge has a lawfully valid, timely filed, Oath of Office pursuant to 28 U.S.C. § 453.  Additionally, Plaintiff argues that the undersigned judicial officer "has demonstrated clear and blatant bias in favor of the Defendants, in violation of Plaintiff's Rights as enumerated within the Bill of Rights of the U.S Constitution, in particular the 5th Amendment."  ECF No. 32.  However, she sets forth no facts which can reasonably support her claim.  Moreover, it is not clear what bias Plaintiff is referring to, as the Court has ruled in Plaintiff's favor on at least two (2) of her motions prior to this hearing.  (ECF Nos. 30, 40).

The Judiciary Act of 1789 provides two statutory methods for the removal of judges presiding over actions.  *Murray v. International Revenue Serv.*, 923 F. Supp. 289, 292 (D. Idaho 1986).  These methods include 28 U.S.C. § 144 and 28 U.S.C. § 455.  The statute raised by Plaintiff in her motion for recusal, 28 U.S.C. § 144 reads:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient

> affidavit that the judge before whom the matter is
> pending has a personal bias or prejudice either
> against him or in favor of any adverse party, such
> judge shall proceed no further therein, but another
> judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The Plaintiff's motion for recusal is without merit. A judge has a duty to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). He shall also disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b) 1.

The applicable test for recusal under the statute requires the judge to evaluate the sufficiency of the affidavit to determine if there is "bias in fact." *Murray*, 923 F. Supp. at 1292 (citing to *Berger v. United States*, 255 U.S. 22 (1921)). The law is well settled that a prior unfavorable ruling does not establish "bias in fact." *Id*. at 1292.

The standard for recusal is whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned. *Taylor v. Regents of the University of*

ORDER - 3

*California*, 993 F.2d 710, 712 (9th Cir. 1993) (citing *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)).  To be sufficient, the affidavit must constitute a firm showing that the judge has a personal bias or prejudice to a party.  *In re Martinez-Catala*, 129 F.3d 213, 218 (1st Cir. 1997).

Where, as is true in this case, there is no statutory basis for recusal, a judge has a "duty to sit" pursuant to the rules governing the assignment of cases among judges.  Plaintiff's Motion for Recusal is respectfully denied.

**2.  Defendants' Motion For Dismissal (ECF No. 16)**

Defendants move to dismiss Plaintiff's claims with prejudice, based on the judicial immunity doctrine.  Defendants argue that judges, acting as a judicial officer, have absolute immunity from suit.  Judges are immune from having to defend themselves in this type of an action.  Absolute and qualified immunity are "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985).  The privilege, Defendants argue, is an immunity from suit rather than a mere defense to liability.  Further, this Plaintiff's pleadings do not meet the threshold requirements of *Iqbal*[1] and *Twombly*[2] and Plaintiff's arguments are unsupported and nonsensical.

---

[1]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

[2]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

ORDER - 4

Plaintiff responds that "[w]hen the court has not (sic) jurisdiction, the whole proceeding is before a person who is not a judge . . . ." (ECF Doc. 28 at 3). Plaintiff does not cite any case law to support this argument. Plaintiff, however, does not specify the precise jurisdictional arguments that she made in the referenced state court action. Further, Plaintiff does not allege nor does she cite facts that would raise an issue of the state court's "complete absence of jurisdiction."

The court finds that as long as the named defendant judges are acting in a judicial function, they are entitled to immunity. The Plaintiff does not allege that the judges were acting in any capacity other than a judicial one. It may be that Plaintiff did not agree with the rulings of the state court, but dissatisfaction does not constitute a cause of action. Under *Twombly*, "[a] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955.

The court cannot grant relief to the Plaintiff in this case because the judges are entitled to absolute immunity from suit. Moreover, Plaintiff is unable either in oral argument or in the pleadings (and amendments) to reference any facts or theory of liability which can be alleged to overcome the claim of judicial immunity which applies to Defendants Baker and Nielson. The Plaintiff's claims for damages and other relief against the judges are based solely on the judges' actions

ORDER – 5

as judicial officers within the confines of a lawsuit brought against the Plaintiff in state court over a property dispute.  While Plaintiff has the right to disagree with the rulings, and criticize the rulings, she does not have the right to sue the judges over the rulings. Otherwise, to give a citizen the power to bring a civil suit against any judge because the citizen disagrees with the judge's ruling would threaten our basic system of justice. Defendants Baker and Nielson's request for dismissal of Plaintiff's claims with prejudice is granted.

### 3.   Plaintiff Coyle's Motion and Memorandum to Take Judicial Notice of Facts, ECF No. 23

Plaintiff requests this Court take "mandatory" judicial notice of the following items Plaintiff refers to as facts: "In the Superior Court of the State of Washington, In and for the County of Stevens, *Butler v. Coyle*, case No. 2008-2-00341-6, jurisdiction was neither properly nor lawfully invoked on the record, thereby rendering all judgments and orders therein null and void."  ECF No. 23 at 1-m.

Although, as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion, Fed.R.Civ.P. 12(d), it "may take judicial notice of matters of public record" and consider them without converting a Rule 12 motion into one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks and citation omitted). Judicial notice is appropriate for records and "reports of administrative bodies." *Interstate Natural Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1954).  It is not appropriate, however, to take judicial notice that

ORDER - 6

jurisdiction was "not invoked on the record" as Ms. Coyle argues, or that "all judgements and orders are therein null and void." Therefore, the Court respectfully denies Plaintiff's Motion to Take Judicial Notice of Facts.

> **4.   Plaintiff Coyle's Motion to Strike Defendants' Motion to Dismiss (ECF No. 26) and Plaintiff's Motion to Strike Reply Memorandum (ECF No. 37)**

Based on the Court's ruling on Defendants' Motion to Dismiss, these motions are denied as moot.

> **5.   Plaintiff's oral motion for leave to amend second amended complaint.**

At the close of the oral argument, Plaintiff requested leave of court to amend her second amended complaint. Plaintiff requested additional time to amend that which defense counsel referred to as conclusory allegations. However, upon questioning by the Court, Plaintiff was unable to proffer any additional facts or theories of liability that would support the filing of what would be a third amended complaint.

Based on the Court's ruling above, granting Defendants Baker and Nielson's motion to dismiss, Plaintiff's motion for leave to amend her second amended complaint as to any claims against these specific defendants is respectfully denied. Accordingly,

**IT IS HEREBY ORDERED:**

1.   Defendants Baker and Nielson's Motion to Dismiss, **ECF No. 16,** is **GRANTED.** Plaintiff's claims against Defendant Baker and Defendant Nielson are **DISMISSED with PREJUDICE.**

ORDER - 7

2.   Plaintiff Coyle's Motion And Memorandum To Take Judicial Notice Of Facts, **ECF No. 23,** is **DENIED.**

3.   Plaintiff Coyle's Motion To Strike Defendants' Motion To Dismiss **(ECF No. 26),** and Plaintiff Coyle's Motion To Strike Defendants' Reply (**ECF No. 37**), are **DENIED as MOOT.**

4.   Plaintiff Coyle's Motion For Recusal, **ECF No. 32,** is **DENIED.**

5.   Plaintiff's oral motion for leave to amend her second amended Complaint is **DENIED** as against Defendants Baker and Nielson.

**IT IS SO ORDERED.**

The District Court Executive is directed to file this Order, enter judgment dismissing the claims with prejudice against Defendant Baker and Defendant Nielson, and provide copies to Plaintiff and counsel.

DATED this 7th day of February, 2013.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 8