UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SANDRA LYNN COYLE,

Plaintiff,

-vs-

STEVENS COUNTY and CHRIS A. MONTGOMERY,

Defendants.

NO. CV-12-0601-LRS

**ORDER RE MISCELLANEOUS MOTIONS** (ECF NOS. 26, 54, 55, 60, 66, 67, 68, 73)

**BEFORE THE COURT**, are the following motions: 1)Plaintiff's Motion to Strike Motion to Dismiss for Failure to State a Claim (ECF No. 26); 2) Defendant Montgomery's Motion for Judgment on the Pleadings for Dismissal - FRCP 12(b)(6) (ECF No. 54); 3) Plaintiff's Motion to Alter Judgment (ECF No. 55); 4) Plaintiff's Motion for Entry of Default (ECF No. 60); 5) Plaintiff's Motion Re: Separate Counsel (ECF No. 66); 6) Plaintiff's Motion to Strike Response to Motion (ECF No. 67); 7) Plaintiff's Motion to Expedite (ECF No. 68); and 8) Plaintiff's Motion for Order Requiring Attorney to Produce or Prove Authority to Appear (ECF No. 73). Defendant Montgomery's Motion for Attorney's Fees (ECF No. 63) will be ruled upon in a separate order.

**1. Plaintiff's Motion to Strike Motion to Dismiss for Failure to State a Claim (ECF No. 26)**

The Court has reviewed the motion and based on the disposition of Defendant Baker's motion for dismissal in the Order Denying Motion For Recusal and Granting Dismissal of Claims Against Defendants Baker and

Nielsen (ECF NO. 49), this motion is denied as moot.

**2. Defendant Montgomery's Motion for Judgment on the Pleadings for Dismissal - FRCP 12(b)(6) (ECF No. 54)**

Plaintiff, acting pro se, has joined Chris A. Montgomery, individually, in this suit simply because he had acted within the scope of his representation of legal clients who prevailed in a state court action involving Coyle pertaining to a dispute over real property. Although Plaintiff Coyle is a pro se litigant who has been dissatisfied with court rulings, she is unable to state a viable claim, state or federal, against Defendant Montgomery. Plaintiff has failed to demonstrate any actions by Defendant Montgomery that violate her constitutional rights "under the color of state law" within the meaning of 42 U.S.C. § 1983, nor has she set forth facts supporting a conspiracy to interfere with her civil rights pursuant to 42 U.S.C. § 1985. Therefore, the motion for dismissal of Plaintiff’s suit is hereby granted.

**3. Plaintiff's Motion to Alter Judgment (ECF No. 55)**

Plaintiff, in response to the Court’s Order granting Defendants’ 12 (b)(6) Motion (ECF No. 49) moves for an order vacating judgment. The grounds for this motion recited by Plaintiff are to prevent clear manifest of error. Plaintiff asserts that under Fed.R.Civ.P. 59(e), the district court judge committed clear error or made an initial decision that was manifestly unjust.

Defendants respond that plaintiff is attempting reargue the issues on the merit, to which the court has already decided. ECF No. 50. The Court agrees. This Court found that the defendants Baker and Neilson are immune from having to defend themselves in this type of action and that

Plaintiff’s arguments are unsupported and without a basis in the law. ECF Doc. 49. Despite plaintiff’s failed attempt to convince the court that the Judges were operating outside of their jurisdiction, she does not cite facts “that would raise an issue of the state court’s ‘complete absence of jurisdiction’” (ECF No. 49). As to plaintiff’s argument that Defendant Neilson should not be dismissed from this case because he has not been served, this argument is moot as plaintiff did name the Defendant in her Amended Complaint (ECF No. 9). The Court denies plaintiff’s motion to alter or amend the judgment.

**4. Plaintiff's Motion for Entry of Default (ECF No. 60)**

Plaintiff moves for entry of default as to Defendant Montgomery pursuant to Fed.R.Civ.P. 55 because Defendant Montgomery has not filed an answer or motion under Rule 12 within 21 days after service.

Defendant Montgomery responds that no Answer, Affirmative Defenses or Counterclaim(s) are required to be filed at this time since Defendant Montgomery has filed a Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim upon which relief can be granted (ECF No. 54) on February 12, 2013, without oral argument on April 5, 2013. The Court finds that there are no grounds for a default based on the pending defense motion.

**5. Plaintiff's Motion Re: Separate Counsel (ECF No. 66)**

Plaintiff seeks an order from this Court requiring the defendants, specifically, Rebecca M. Baker (a dismissed party), Stevens County, and Allen C. Nielson (a dismissed party) to use separate and unrelated counsel of their choice, or alternately, sign written waivers, in the form of sworn and subscribed affidavits, waiving that right, by their own choice. The Court finds this motion completely frivolous and summarily

denies the same.

**6. Plaintiff's Motion to Strike Response to Motion (ECF No. 67)**

The Court finds this motion frivolous and without a legal foundation. The motion is denied.

**7. Plaintiff's Motion to Expedite (ECF No. 68)**

Plaintiff requests that the Court expedite Plaintiffs' Reply and Motion to Strike filed March 6, 2013 and to allow it to be combined with Plaintiffs' Motion and Memorandum to Alter or Amend Judgment filed February 12,2013. The Court grants this motion to expedite and has considered the two briefs concurrently.

**8. Plaintiff's Motion for Order Requiring Attorney to Produce or Prove Authority to Appear (ECF No. 73)**

Plaintiff brings yet another frivolous motion seeking to require Jerry J. Moberg & Associates to provide bona fide proof of the authority under which Jerry J. Moberg & Associates appears in these proceedings on behalf of defendants Rebecca M. Baker, Allen C. Nielson (whom both have been dismissed) and Stevens County. This motion is made on the grounds that plaintiff has reason to believe that the defendants are not being represented legally. This Court summarily dismisses said motion. Accordingly,

**IT IS HEREBY ORDERED:**

**1.** Plaintiff's Motion to Strike Motion to Dismiss for Failure to State a Claim, **ECF No. 26**, is **DENIED**.

**2.** Defendant Montgomery's Motion for Judgment on the Pleadings for Dismissal - FRCP 12(b)(6), **ECF No. 54**, is **GRANTED.**

3. Plaintiff's Motion to Alter Judgment, **ECF No. 55**, is **DENIED**.

4. Plaintiff's Motion for Entry of Default, **ECF No. 60**, is **DENIED**.

5. Plaintiff's Motion Re: Separate Counsel, **ECF No. 66**, is **DENIED.**

6. Plaintiff's Motion to Strike Response to Motion, **ECF No. 67**, is **DENIED**.

7. Plaintiff's Motion to Expedite, **ECF No. 68**, is **GRANTED**.

8. Plaintiff's Motion for Order Requiring Attorney to Produce or Prove Authority to Appear, **ECF No. 73**, is **DENIED**.

9. Plaintiff is warned that the filing of further frivolous motions will result in the imposition of sanctions.

**IT IS SO ORDERED.**

The District Court Executive is directed to file this Order, enter judgment dismissing the claims with prejudice against Defendant Montgomery, and provide copies to Plaintiff and counsel of record.

DATED this 1st day of May, 2013.

***s/Lonny R. Suko***

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE