UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SANDRA LYNN COYLE,                  )
                                    )    NO.  CV-12-0601-LRS
                Plaintiff,          )
                                    )    **ORDER DISMISSING PLAINTIFF'S**
     -vs-                           )    **CLAIMS AND CLOSING FILE**
                                    )
REBECCA M. BAKER (RETIRED JUDGE)    )
STEVENS COUNTY SUPERIOR COURT,      )
ALLEN C. NEILSON, and CHRIS A.      )
MONTGOMERY,                         )
                                    )
                Defendants.         )
                                    )
                                    )

     **BEFORE THE COURT** is: Defendant Stevens County's Motion For Dismissal

For Failure To State A Claim FRCP 12(b)(6), ECF No. 88, filed on May 30,

2013 and noted for July 19, 2013 without oral argument; Plaintiff Coyle's

THIRD DEMAND FOR TRIAL BY JURY AT THE REQUECT [sic] OF ELETRONIC [sic]

SIGNATURE OF LONNY  R. SUKO- "BY JUNE 4, 2013," ECF No. 89, filed June

4, 2013 and noted without oral argument for July 8, 2013; and Plaintiff

Coyle's Motion For Extension of Time to File, ECF No. 83, filed on May

7, 2013 and noted without oral argument for June 6, 2013.

/ / /

/ / /

ORDER - 1

**Defendant Stevens County's Motion To Dismiss (ECF No. 88)**

Defendant Stevens County moves to dismiss Plaintiff's claims with prejudice. The Court has previously ruled that as long as the named defendant judges were acting in a judicial capacity, they are entitled to immunity. See "Order Denying Motion for Recusal and Granting Dismissal of Claims Against Defendants Baker and Nielson" (ECF No. 49). Moreover, Stevens County is not independently liable to the Plaintiff for judicial acts of its judges incident to performing their duties as judicial officers. As a result, the Dismissal of the Complaint against the Judges effectively results in a dismissal of any claims against Stevens County.

The public policies which require immunity for the prosecuting attorney and judges, also requires immunity for both the state and the county for acts of judicial and quasi-judicial officers in the performance of the duties of their respective offices; otherwise, the objectives sought by immunity to the individual officers would be seriously impaired or destroyed. *Creelman v. Svenning*, 67 Wash.2d 882, 885, 410 P.2d 606, 608 (1966). In the case at bar, the Judges entitlement to absolute immunity extends to Stevens County as well. Plaintiff's claims, though without merit, were solely against Neilson and Baker due to the rulings they made in a case against her in state court.

There can also be no vicarious liability since the Judges have been exonerated by this court. The Plaintiff has not alleged (nor is there

///
///

ORDER - 2

any such evidence in the record) that would trigger any *Monell*[1] liability. *Guerra v. County of Alameda*, 163 F. 3d 606 (9th Cir. 1998). Therefore, the Court finds this action must be dismissed because defendant Stevens County cannot be held vicariously liable. Accordingly,

**IT IS HEREBY ORDERED:**

1.    Defendant Stevens County's Motion For Dismissal For Failure To State A Claim FRCP 12(b)(6), **ECF No. 88**, is **GRANTED.** Plaintiff's claims against Defendant Stevens County are **DISMISSED with PREJUDICE.**

2.    Plaintiff Coyle's THIRD DEMAND FOR TRIAL BY JURY AT THE REQUECT [sic] OF ELETRONIC [sic] SIGNATURE OF LONNY  R. SUKO- "BY JUNE 4, 2013," **ECF No. 89**, is **DENIED** and found to be without merit and frivolous.

3.    Plaintiff Coyle's Motion For Extension of Time to File, **ECF No. 83**, is **DENIED** as moot and found to be without merit.

4. The Court finds that Plaintiff's pleadings which insert the names of Chief Judge Peterson and the undersigned judicial officer are without force or effect and that said judges are not parties to this litigation for any purpose whatsoever.  Accordingly, their names shall not be inserted or recorded by the Court Clerk as parties herein.

---

[1]42 U.S.C. § 1983 liability cannot be imposed on a municipal entity pursuant on a respondeat superior basis. *Monell v. New York City Dept. Of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally, a municipality is liable under *Monell* only if a municipal policy or custom was the "moving force" behind the constitutional violation. See *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir.2007).

ORDER - 3

**IT IS SO ORDERED.**

The District Court Executive is directed to file this Order, enter judgment dismissing the claims against Defendant Stevens County and any remaining claims of Plaintiff herein with prejudice, and provide copies to Plaintiff and counsel.  This **FILE SHALL BE CLOSED.**

DATED this 22nd day of July, 2013.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 4